**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Darrell Gerada BROWN, Defendant—Appellant.**

No. 04–30011.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided May 3, 2005.

C. Ed Laws, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff—Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Mark S. Werner, Esq., Federal Public Defenders of Montana, Billings, MT, for Defendant—Appellant.

Before: GOULD, TALLMAN, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

1. There was sufficient evidence for a rational jury to find, beyond a reasonable doubt, that Brown knew or had reasonable cause to believe, that the gun in his possession was stolen. *See* 18 U.S.C. 922(j); *see also United States v. Pearson,* 391 F.3d 1072, 1075 (9th Cir.2004) ("viewing the evidence in the light most favorable to the government, [the court] must determine whether any rational trier of fact could have found, beyond a reasonable doubt, the requisite elements of the offense charged.") (citation omitted).

The serial numbers on the firearm were undeniably filed-off and the government's expert testified that the purpose for obliterating a firearm's serial number is to conceal the weapon's true identity. From this, and other circumstantial evidence adduced at trial, the jury could have inferred Brown's knowledge as to the true nature of the weapon. *United States v. Thompson,* 82 F.3d 849, 854 (9th Cir.1996) ("knowledge can be inferred from circumstantial evidence, including any external indications signaling the nature of the weapon.") (citation omitted).

2. The district court in this case determined that the defendant's criminal history warranted more severe punishment than the Sentencing Guidelines provided for. In view of this discretionary determination by the district court, the holding in *United States v. Booker,* — U.S. —, —, 125 S.Ct. 738, 757, 160 L.Ed.2d 621 (2005), rendering the Guidelines advisory would not change the sentencing outcome. Therefore, no plain error occurred. *See id.* at 769 (observing that application of the " 'plain-error' test" will make it unnecessary to remand every case for re-sentencing).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.